*Williams & Powers, for appellant.*

---

### T. H. GARVIN *v.* L. J. F. BARREN, ET AL.

**Notes Secured by One Mortgage.**

>    Where two notes are secured by one mortgage, and by assignment become the property of different persons, a judgment on one of them may not be levied on the mortgaged property so as to affect the lien of the owner of the other note, and a purchaser at such a judicial sale takes the property subject to the lien of the holder of the other note.

#### APPEAL FROM HART CIRCUIT COURT.

April 20, 1880.

OPINION BY JUDGE HINES:

L. J. F. Barren executed two notes to Elisha Johnson, one for $62 and the other for $50, and to secure their payment made to Johnson a mortgage on certain personal property. One of these notes John-

son assigned to appellant and the other to Briggs. Briggs brought suit upon the note assigned to him, and having obtained judgment he had execution levied upon the mortgaged property, which was sold and purchased by A. J. Barren. Appellant afterward brought suit on the note assigned to him, sought to be substituted to the rights of Johnson under the mortgage, and had attachment levied upon the mortgaged property in the hands of A. J. Barren. The court below rendered personal judgment against L. J. F. Barren, but discharged the attachment, holding that A. J. Barren took title to the mortgaged property under his execution purchase. The correctness of that ruling is the only matter we need to consider.

"Generally a mortgagee cannot, upon a judgment recovered for the debt secured by a mortgage, levy the execution upon the mortgaged property, though it may be levied upon any other property of the debtor. Such a proceeding would amount to a foreclosure in a way not contemplated by the parties or provided for by the law. The levy would therefore be ineffectual, and would leave the mortgage as it stood before, subject to redemption. The mortgagee is just where he began." Jones on Mortgages, Sec. 1229. Such execution sales have been held by this court to be void. *Swigert v. Thomas*, 7 Dana 220; *Bronston v. Robinson*, 4 B. Mon. 142; *Mercer v. Tinsley*, 14 B. Mon. 220.

The liens secured by the mortgage in this case were of equal dignity, and the rights of the appellant cannot be taken away by such proceedings instituted by the other mortgagee or his assignee. Briggs' right to subject the property by execution to the payment of the debt was exactly that of any other creditor; that is, the purchaser at the execution sale takes the property subject to appellant's mortgage lien.

We see no objection to the exercise of jurisdiction by this court. The amount claimed and in controversy determines the question of jurisdiction, but if that were not true it is found that by calculating the interest on the principal up to the payment, adding it to the principal and subtracting the payment, there is left over more than $50, exclusive of interest and cost.

Judgment *reversed,* and cause remanded with directions for further proceedings.

*Edwards & Seymour, for appellant.*

*Isaac T. Woodson, for appellees.*